JUDGE PATTERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

    - v. -                         :       INDICTMENT

JOSEPH DEACON,                      :       07 Cr.
   a/k/a "Valentino,"
   a/k/a "Henry Deacon,"            :
   a/k/a "Deval Delore,"                    07 CRIM  872
                               :
            Defendants.
                               :
- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 1 3 2007

COUNT ONE

The Grand Jury charges:

1. From on or about April 10, 2007, up to and including on or about July 17, 2007, in the Southern District of New York and elsewhere, JOSEPH DEACON, a/k/a "Valentino," a/k/a "Henry Deacon," a/k/a "Deval Delore," the defendant, and others known and unknown, unlawfully, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other, to commit an offense against the United States, to wit, a violation of Title 18, United States Code, Section 922(a)(1)(A).

2. It was a part and an object of the conspiracy that JOSEPH DEACON, a/k/a "Valentino," a/k/a "Henry Deacon," a/k/a "Deval Delore," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, not being licensed importers, licensed manufacturers, or licensed dealers, would and did engage in the business of importing, manufacturing, and dealing in firearms, and in the course of such business did ship,

transport, and receive firearms in interstate commerce, in violation of Section 922(a)(1)(A) of Title 18, United States Code.

## OVERT ACTS

3. In furtherance of the conspiracy and to effect the illegal object thereof, JOSEPH DEACON, a/k/a "Valentino," a/k/a "Henry Deacon," a/k/a "Deval Delore," the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. On or about April 10, 2007, a co-conspirator not named as a defendant herein ("CC-1") purchased a Hi-Point Model C9 9mm Pistol, serial number P039245 ("Firearm #1"), from Palmetto Firearms Inc., located at 4601 Broad River Road, Columbia, South Carolina.

    b. On or about April 15, 2007, CC-1 purchased the following four firearms from Discount Guns Inc. FFL 15736380, located at 5219 Old Hickory Rd., Van Wyck, South Carolina: (i) a Hi-Point Model C9 9 mm Pistol, serial number P1350064, manufactured by Beemiller Inc. ("Firearm #2"); (ii) a Hi-Point Model C9 9 mm Pistol, serial number P1345154, manufactured by Beemiller Inc. ("Firearm #3"); (iii) a Hi-Point Iberia Model JCP .40 cal. Pistol, serial number X751621, manufactured by Iberia Firearms, Inc. ("Firearm #4"); and (iv) a Hi-Point Iberia Model JCP .40 cal. Pistol, serial number X748924, manufactured by Iberia Firearms, Inc. ("Firearm #5").

c. On or about April 17, 2007, JOSEPH DEACON, a/k/a "Valentino," a/k/a "Henry Deacon," a/k/a "Deval Delore," the defendant, sold Firearms #1-#5 to a confidential informant ("CI-1") in New York, New York.

d. On or about April 30, 2007, a co-conspirator not named as a defendant herein ("CC-2") purchased three firearms from Discount Guns Inc. FFL 15736380, located at 5219 Old Hickory Road, Van Wyck, South Carolina: (i) a Hi-Point Model JCP .40 caliber Pistol, serial number X753585; (ii) a Hi-Point Model JCP .40 caliber Pistol, serial number X753587; (iii) a Hi-Point Model CF380 .380 caliber Pistol, serial number P863889, manufactured by Beemiller Inc. ("Firearm #8"); additionally, CC-2 purchased a Smith & Wesson Model 4043 .40 caliber Pistol, serial number VDL3474 ("Firearm #9") from Palmetto Firearms Inc., located at 4601 Broad River Road, Columbia, South Carolina.

e. On or about May 1, 2007, JOSEPH DEACON, a/k/a "Valentino," a/k/a "Henry Deacon," a/k/a "Deval Delore," the defendant, sold four guns to the CI-1 in New York, New York, including Firearms #6-#9.

f. On or about July 3, 2007, CC-1 purchased the following three firearms from Discount Guns Inc. FFL 15736380, located at 5219 Old Hickory Rd., Van Wyck, South Carolina: (i) a Hi-Point Model CF380 .38 caliber Pistol, serial number P868027 ("Firearm #10"), (ii) a Hi-Point Model CF380 .38 caliber Pistol, serial number P867908 ("Firearm #11"); and (iii) a Hi-Point Model

CF380 .38 caliber Pistol, serial number P867906 ("Firearm #12").

   g. On or about July 5, 2007, JOSEPH DEACON, a/k/a "Valentino," a/k/a "Henry Deacon," a/k/a "Deval Delore," the defendant, sold Firearms #10-#12 inclusive to another confidential informant ("CI-2") in New York, New York.

   h. On or about July 16, 2007, CC-1 purchased the following two firearms from Discount Guns Inc. FFL 15736380, located at 5219 Old Hickory Rd., Van Wyck, South Carolina: (i) a Hi-Point Model C9 .9 caliber Pistol, serial number P1359119 ("Firearm #13"), and (ii) a Taurus PT111 .9 caliber Pistol ("Firearm #14").

   i. On or about July 17, 2007, JOSEPH DEACON, a/k/a "Valentino," a/k/a "Henry Deacon," a/k/a "Deval Delore," the defendant, sold Firearms #13 and #14 to CI-2 in New York, New York.

   (Title 18, United States Code, Section 371.)

## COUNT TWO

The Grand Jury charges:

  4. From on or about April 17, 2007, up to and including on or about July 17, 2007, in the Southern District of New York and elsewhere, JOSEPH DEACON, a/k/a "Valentino," the defendant, unlawfully, willfully, and knowingly, not being a licensed importer, licensed manufacturer, or licensed dealer, did engage in the business of dealing in firearms, and in the course of such business did ship, transport, and receive firearms in

interstate commerce, to wit, DEACON, not being a licensed importer, licensed manufacturer, or licensed dealer, sold 14 firearms in New York, New York that had been purchased at various locations in South Carolina.

(Title 18, United States Code, Sections 922(a)(1)(A).)

## COUNT THREE

The Grand Jury charges:

5.   On or about April 17, 2007, in the Southern District of New York, JOSEPH DEACON, a/k/a "Valentino," a/k/a "Henry Deacon," a/k/a "Deval Delore," the defendant, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about April 18, 2001, in New York Supreme Court, New York County, for possession of a forged instrument in the second degree, in violation of New York Penal Law 170.25, a Class D felony, unlawfully, willfully, and knowingly did possess, in and affecting commerce, a firearm, to wit, a loaded Hi-Point Model C9 9mm Pistol, a Hi-Point Iberia Model JCP .40 cal. Pistol, and a Smith & Wesson Model 4043 .40 caliber Pistol, which had previously been shipped and transported in interstate commerce.

(Title 18, United States Code, Section 922(g)(1).)

## COUNT FOUR

The Grand Jury further charges:

6.   From on or about August 12, 2007, up to and including on or about August 14, 2007, in the Southern District

of New York, JOSEPH DEACON, a/k/a "Valentino," a/k/a "Henry Deacon," a/k/a "Deval Delore," the defendant, unlawfully, intentionally, and knowingly, did distribute and possess with intent to distribute, a controlled substance, to wit, approximately 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," and approximately 50 grams and more of mixtures and substances containing a detectable amount of heroin.

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).)

## FORFEITURE ALLEGATION

7.   As a result of committing one or more of the foregoing offenses alleged in Counts One, Two, Three, and Four of this Indictment, JOSEPH DEACON, a/k/a "Valentino," a/k/a "Henry Deacon," a/k/a "Deval Delore," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said offenses, for which the defendant is liable.

### Substitute Asset Provision

8.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 982,
     Title 18, United States Code, Section 922,
      Title 21, United Stats Code, Section 841).

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOSEPH DEACON,
a/k/a "Valentino,"
a/k/a "Henry Deacon,"
a/k/a "Deval Delore,"

Defendant

INDICTMENT

07 Cr.

(18 U.S.C. §§ 371, 922(a)(1),
922(g)(1), 21 U.S.C. §§ 812, 841.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

Post-It 11/1/87

9/13/07 - Fld. Indictment. Case assigned to Judge Patterson for all purposes.
S/ Eaton, J. U.S.M.J.