UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA          :

         -against-                :       **NOTICE OF MOTION**

JOSEPH DEACON,                            S2 07 Cr. 872 (RPP)
                                  :
                  Defendant.      :
----------------------------------X

PLEASE TAKE NOTICE, that defendant Joseph Deacon moves this Court by his attorney, Aubrey Lees, before the Honorable Robert P. Patterson, Jr., United States District Judge, at the United States Courthouse, located at 500 Pearl Street, New York, New York, for an order granting the following relief:

1.  For an Order suppressing the audio recordings that the Government seeks to introduce in evidence or in the alternative to schedule a hearing to probe the audibility of said recordings;

2.  For an order declaring improper joinder of offenses pursuant to Federal Criminal Code and Rules (Fed. R. Crim. P.) 8(a) and 8(b) and for an order severing Counts One, Two, Three and Four from Count Five pursuant to Fed. R. Crim. P. 14(a) and;

3.  Granting Joseph Deacon such other and different relief as this Court may deem just and proper.

Dated:   New York, New York
         January 3rd, 2008

                                    Aubrey Lees, Esq.
                                    Attorney for Defendant
                                    799 Broadway, Suite 541

New York, New York 10003
(212)477-1899


TO:  HON. ROBERT P. PATTERSON, Jr.
     UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
     500 PEARL STREET
     NEW YORK, NEW YORK 10007

     CLERK OF THE COURT
     UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
     500 PEARL STREET
     NEW YORK, NEW YORK 10007

     AUSA ANTONIA M. APPS
     ASSISTANT UNITED STATES ATTORNEY
     SOUTHERN DISTRICT OF NEW YORK
     ONE ST. ANDREW'S PLAZA
     NEW YORK, NEW YORK 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF AMERICA            :

          -against-                 :

JOSEPH DEACON,                         S2 07 Cr. 872 (RPP)
                                    :
              Defendant.            :
---------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF MOTION**

**I.  TO SUPPRESS AUDIO RECORDINGS AND;**
**II. TO SEVER COUNTS ONE, TWO, THREE AND FOUR**
     **FROM COUNT FIVE IN THE INDICTMENT PURSUANT**
     **TO FED. R. CRIM. P. 8(a), 8(b) and 14(a)**


                        AUBREY LEES
                        Attorney for JOSEPH DEACON
                        799 Broadway, Suite 541
                        New York, New York 10003
                        (212)477-1899

## PRELIMINARY STATEMENT

The instant Memorandum of Law is submitted in support of defendant Joseph Deacon's motions to suppress audio recordings and to sever Counts One, Two, Three and Four from Count Five in the indictment.

## STATEMENT OF FACTS

The defendant, Joseph Deacon (" Deacon") and co-defendant Charles Watts ("Watts") and others, are charged in a Five count indictment as follows:

- Counts One, Two and Three, allege that Deacon and Watts conspired to violate Sections 922(a)(1)(A) of Title 18 of the United States Code in that from in or about April 10, 2007, up to and including on or about July 17th, 2007, the members of the conspiracy "unlawfully, willfully and knowingly, not being licensed importers, licensed manufacturers, or licensed dealers, would and did engage in the business of importing, manufacturing and dealing in firearms, and in the course of such business did ship, transport and receive firearms in interstate commerce" (attached hereto as Exhibit A, page 1, ¶2). The overt acts in Counts One, Two and Three set forth

4

essentially, that on several occasions, Watts with others, purchased guns in South Carolina, that the guns were then transported to New York City and that Deacon subsequently sold them to two confidential informants. *Id*, pages 2-6;

- Count Four alleges that Deacon has a prior felony conviction thus violating section 922(g)(1) of Title 18 of the United States Code. *Id*, page 6, and;

- Count Five alleges that from on or about August 12th, 2007, up to and including on or about August 14th, 2007, Deacon distributed approximately 50 or more grams of "crack" and approximately 50 or more grams of heroin in violation of sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21 of the United States Code. *Id*, page 7.

**Point I**

**SUPPRESSION OF AUDIO RECORDINGS**

The Government has produced by way of discovery three tape-recorded conversations purporting to be between Deacon and a confidential informant (attached hereto as Exhibit B). These conversations were taped over two days, from August 12th, 2007 to

5

August 14th, 2007 and were obtained without Deacon's consent; the Government did not provide any transcripts of the recordings.

The tapes should be suppressed because they are largely inaudible and accordingly request that the Court exclude the taped recorded conversations in their entirety. The decision whether to suppress the tapes as inaudible is in the "sound discretion" of the Court. *United States v. Arango-Correa*, 851 F.2d 54, 58 (2d Cir. 1988). If "the inaudible parts are so substantial as to render the remainder more misleading than probative," the tapes are inadmissible. *United States v. Bryant,* 480 F.2d 785, 790 (2d Cir. 1973). While some ambiguity or inaudibility does not mandate suppression, the recording as a whole must be both probative and reliable. *Arango-Correa,* 851 F.2d at 58.

In this case, two of the tapes, numbered 00060 and 00062, are mostly unintelligible with pockets of clear conversation, however as a whole they are untrustworthy for several reasons. First, the person who is the hardest to hear is the defendant, Mr. Deacon. Where the tapes are audible, it is the informant who can be heard, while Deacon's speech is muffled. Second, even where parts of the conversation are audible, the context is completely lost because so much of the remainder cannot be heard. Tape numbered 00061 consists of an apparent brief phone

call but most of recording is of a law enforcement agent
testifying about what allegedly occurred on another day. Deacon
would move to preclude the chatter of this law enforcement agent
on this tape as well as on the other tapes as simple hearsay
among other reasons.

Given that such a substantial portion of each tape cannot
be heard, their probative value is low. The prejudice to the
defendant, on the other hand is enormous. Accordingly, the
defendant submits that the audio recordings must be suppressed
or in the alternative to schedule a hearing to probe the
audibility of said recordings.

## Point II

**THE SEVERANCE OF COUNTS ONE, TWO, THREE AND FOUR FROM COUNT
FIVE PURSUANT TO FEDERAL CRIMINAL CODE AND RULES 8(a) and 8(b)
and 14(a)**

Fed. R. Crim. P. 8(a) provides that "The indictment or
information may charge a defendant in separate counts with 2 or
more offenses if the offenses charged-whether felonies or
misdemeanors or both-are of the same or similar character, or
are based on the same act or transaction, or are connected with
or constitute parts of a common scheme or plan". Fed. R. Crim.
P. 8(b) holds that "The indictment or information may charge 2

or more defendants if they are alleged to have participated in
the same act or transaction, or in the same series of acts or
transactions, constituting an offense or offenses. The
defendants may be charged in one or more counts together or
separately. All defendants need not be charges in each count".

Fed. R. Crim. P. 14(a) reads: (a) "Relief. If the joinder
of offenses or defendants in an indictment, an information, or a
consolidation for trial appears to prejudice a defendant or the
government, the court may order separate trials, or provide any
other relief justice requires".

A review of the indictment sets forth unequivocally that
Deacon is charged with two distinct and substantively separate
offenses; Counts One through Four allege that Deacon and Watts
from in or about April 10, 2007, up to and including on or about
July 17th, 2007, conspire to traffic in guns, ultimately selling
them to confidential informants and Count Five alleges that
Deacon on or about August 12th, 2007, up to and including on or
about August 14th, 2007, individually sold drugs, to wit: crack
and heroin. Since neither offense is of the same or similar
character, or is based on the same act or transaction, or is
connected with or constitute parts of a common scheme or plan,
then by definition, pursuant to Fed. R. Crim. P. 8(a) and (b),
there exists improper joinder. "Joinder is proper where

8

allegations are unified by some substantial identity of facts or participants or arise out of a common scheme or plan" *United States v. Attanasios,* 870 F.2d 808, 815 (2d. Cir. 1989). Counts One through Four alleges a conspiracy and substantive crimes that occurred at an earlier date than Count Five, which alleges that Deacon individually sold drugs approximately four weeks after the gun conspiracy ended. It is obvious that the indictment, pursuant to Fed. R. Crim. P. 8(a) and 8(b), suffers from improper joinder to the prejudice of Deacon.

"Fed. R. Crim. P. 14(a) allows a district court to sever joint trials if the joinder of offenses or defendants in an indictment… appears to prejudice a defendant. Where… the defendants are accused of participation in a common scheme, the preference for joint trials in the federal system is especially strong, *U.S. v Chu*, 2006 WL 1526922, at *1 (2d Cir.2006), and a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Zafiro v. U.S. 506 U.S. 534, 539, 113 S.Ct. 933 122 L.Ed.2d 317(1993). A motion for severance is committed to the sound discretion of the district court, U.S. v. Locascio, 6 F.3d 924, 947 (2d Cir.1993) and in order to prevail, the defendant must

9

show not simply some prejudice but substantial prejudice…" *United States v. Gammarano* 2007 WL 2077735 (E.D.N.Y.).

Defendant respectfully submits the following: that the numerous allegations as set forth in Counts One through Four regarding a conspiracy to purchase, transport and sell guns, to confidential informants, which suggest an offense which is inherently violent in nature, will prejudice and pollute a jury with respect to fair and due deliberations with respect to Count Five; a jury will be unduly biased and prejudiced against Deacon with respect to the admission of a prior felony conviction as set forth in Count Four, which is not a proof or statutory factor regarding Count Five; and Deacon's right to testify regarding one offense and not the other will have an extreme prejudicial impact on Deacon's constitutional rights. Therefore, pursuant to Fed. R. Crim. P. 14(a) we respectfully argue that the facts in this case would warrant severance.

## POINT III

### COUNSEL RESERVES THE RIGHT TO BRING ANY ADDITIONAL MOTIONS PENDING THE COMPLETION OF PRETRIAL DISCOVERY

Finally, although counsel has endeavored to bring all motions applicable to the instant case at this time, defense counsel respectfully requests leave to bring any additional motions which may become necessary based upon the Government's

10

response to the present motions or new facts uncovered by the defendant's ongoing investigations.

WHEREFORE, it is respectfully requested that the Court issue an Order granting the relief sought in the annexed Notice of Motion or alternatively, hold a hearing to resolve all factual and legal issues raised in this motion and grant such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          January 3rd, 2008

                              Respectfully submitted,


                              AUBREY LEES
                              Attorney for JOSEPH DEACON
                              799 Broadway, Suite 541
                              New York, New York 10003
                              (212)477-1899

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA          :

      -against-                   :       **DECLARATION**

JOSEPH DEACON,                            S2 07 Cr. 872 (RPP)
                                  :
              Defendant.    :
----------------------------------X


     AUBREY LEES, an attorney duly admitted to practice before the Courts of the State of New York and of this Court, hereby declares, under penalty of perjury, as follows:

     1.  I am the attorney for the defendant in this matter, Joseph Deacon. In accordance with the Criminal Justice Act, I have been assigned to represent the Defendant in the above captioned case.

     2.  I submit this Declaration in support of the Defendant's Notice of Motion seeking to suppress audio recordings and to sever Count Five from Counts One, Two, Three and Four as set forth in the accompanying Motion. I am fully familiar with the facts and circumstances of this case. Unless otherwise indicted, facts set forth herein are based upon information and belief, the source thereof being court papers, documents provided by the Government and conversations with my client and the Government.

3.    I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

DATED: New York, New York
       January 3rd, 2008

Respectfully submitted,

_____

Aubrey Lees, Esq.
Attorney for Defendant
799 Broadway, Suite 541
New York, New York 10003
(212)477-1899