

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 20, 2008

**BY HAND**

The Honorable Robert P. Patterson
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2510
New York, NY 10007

          Re: <u>United States v. Joseph Deacon</u>
               07 Cr. 872 (RPP)

Dear Judge Patterson:

      The Government respectfully requests that the Court reconsider its ruling of last Wednesday, March 12, 2008, granting the defendant's motion to sever Count Five of the Indictment (which charges distribution of crack cocaine) from Counts One, Two, and Four of the Indictment.[1] The Court granted the defendant's motion in part because of the prejudicial effect of introducing the defendant's prior felony in connection with the drug distribution charges in Count Five.

      The Government proposes that the Court bifurcate the felon-in-possession Count from the remaining Counts, rather than sever Count Five from Counts One, Two, and Four. See <u>United States</u> v. <u>Jones</u>, 16 F.3d 487, 492 (2d Cir. 1994) ("Courts have

---

[1] Count One charges Deacon with conspiracy to deal in firearms without a license. Count Two charges Deacon with dealing in firearms without a license. Count Four charges Deacon with possessing a weapon after having been convicted of a felony. Count Three will be redacted from the Indictment at trial because it charges only Deacon's co-defendant, Charles Watts, who has already pled guilty.

The Honorable Robert P. Patterson
March 20, 2008
Page 2

held that joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure."); United States v. Watts, No. S1 04 Cr. 1277 (NRB), 2005 WL 2738948, *4 (S.D.N.Y Oct. 21, 2005) (holding that bifurcation of the felon-in-possession charge would be the appropriate manner in which to deal with the potential "spillover effect" occasioned by reference to the defendant's prior record); United States v. Kee, No. S2 98 Cr. 778 (DLC), 2000 WL 863117 (S.D.N.Y. June 27, 2000) (holding that bifurcation was the more appropriate manner of addressing the prejudice from the prior conviction of the felon-in-possession count rather than severance).

In accordance with this procedure, the jury would not be told about Count Four (the felon-in-possession charge) until after it returned a verdict as to the remaining counts, at which point the Government would introduce the remaining elements of Count Four. See United States v. Boone, No. 02 Cr. 1185 (RPP), 2003 WL 21488021, *3 (S.D.N.Y. June 27, 2003) (setting forth this procedure). Since the firearms that are the subject of the felon-in-possession charge are the same firearms that Deacon is charged with selling (without a license) in Counts One and Two, the Government would only have to introduce the prior conviction after the jury returned its verdict on Counts One and Two.

The Government submits that once this bifurcation procedure is adopted, the prejudicial spillover from the felon-in-possession charge is no longer present. Accordingly, it will not be necessary to sever Count Five from Counts One and Two. In Boone, where Your Honor adopted this bifurcation procedure, the Court allowed a cocaine distribution charge in violation of 21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(C) to proceed with a charge of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(C)(1)(A)(i). The Governments submits that proceeding with the cocaine distribution charge (Count Five) in this case and the gun trafficking charges (Counts One and Two) in one trial is no more prejudicial than proceeding with the drug distribution and Section 924(C) charge in Boone.

In the event that the Court denies this motion for reconsideration, the Government nonetheless requests that the Court follow the bifurcation procedure with respect to the felon-in-possession count when it is tried with the gun trafficking counts (Counts One and Two).

The Honorable Robert P. Patterson
March 20, 2008
Page 3

      Further, if the Court denies this motion for reconsideration, the Government respectfully requests that the Court set a second trial date. At our last conference, the Court set a trial date of May 12, 2008. However, if we are to have a second trial, we will need to set a second trial date. The Government notes that the Court did not exclude time prospectively pursuant to the Speedy Trial Act at our last conference on March 12, 2008. By the Government's calculation, as of March 12, 2008, five days had elapsed under the Speedy Trial clock, leaving 65 days remaining. The 65 days expires May 16, 2008. Accordingly, the Government respectfully requests that, if the Court determines that there should be two trials, another date be set before May 16, 2008.

                                Respectfully submitted,

                                MICHAEL J. GARCIA
                                United States Attorney

By: _____
     Antonia M. Apps
     Assistant United States Attorney
     (212) 637-2198 (phone)
     (212) 637-2527 (fax)

cc: Aubrey Lees, Esq. (counsel for Joseph Deacon)