UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA,

                        Plaintiff,          Criminal Action Number:
                                                   07-cr-00872-RPP-1

vs.

JOSEPH DEACON, et al.,

                        Defendant.

---

# MOTION TO WITHDRAW GUILTY PLEA

 

**Aiello & Cannick**
*Attorneys for Defendant, Joseph Deacon*
69-06 Grand Avenue
Maspeth, New York 11378
Telephone: (718) 426-0444

## STATEMENT

Defendant respectfully requests that the guilty plea he entered on April 24th 20008 on Count 4 of the instant indictment be withdrawn. Defendant asserts that his guilty plea to Counts 1 and 2 were knowingly and intelligently entered. However, as it relates to Count 4, it is his contention that his guilty plea was not a knowing and intelligent one.

## CASE SYNOPIS

The Defendant was arrested on August 16th, 2007. He was presented for arraignment on August 17th, 2007. There, he was granted a personal recognizance bond and the case proceeded along its normal course. However during its pendency, the Defendant's bail was revoked and he has been incarcerated ever since. There have been motions filed and hearings held on the defendant's behalf. Trial was scheduled for May 12th, 2008.

## ARGUMENT

On April 28th, 2008, Defendant's attorney had the Defendant produced before Your Honor to have him enter a guilty plea. The plea was to be made pursuant to a Pimentel letter dated April 28th, 2008 (a draft plea agreement dated April 16th, 2008 had already been rejected by the Defendant). However, the Court noted that the Defendant and his counsel were discussing certain issues that gave it cause to suggest that they discussed the matter further downstairs (see April 28th, 2008 transcript, p.2, line 18).

It was clear at that point that the Defendant and counsel had issues regarding the plea. In past during the colloquy, the Defendant indicated that "I will have to get another attorney because these things have not been explained to me thoroughly" (Transcript p. 3, lines 18-20). The Court then adjourned the matter until 2:00 p.m. that afternoon. When the Defendant and counsel appeared in the afternoon, Defendant addressed the Court that he believed that he needed a new attorney because there were things that he and his attorney disagreed about. Specifically he said, "Your Honor, I think I need a new lawyer. There are certain things in the plea agreement I don't agree with. My attorney agrees to disagree (Transcript p. 51, lines 14-16).

Defendant's attorney joined in his application but indicated that she understood the Defendant only needed another attorney to review the plea agreement. Although the Defendant indicated that he understood what was being said at that point, he never affirmatively agreed with counsel's assertion. Moreover, it should be noted that there was a draft agreement dated April 16th, 2008 in which the Defendant had rejected; he had no further interest in that agreement. Upon information and belief, he and his attorney had a fundamental disagreement regarding certain legal aspects of that agreement and as a consequence he no longer had confidence in her ability to be an effective advocate on his behalf. His confidence in her was lost.

As noted previously, the Defendant has no issue with his guilty plea to Counts 1 and 2. However, his confusion and discussions with his attorney as well as his legal consultant (Mr. Stein) centered around the Count 4. He contends that he did not fully appreciate the consequences of a guilty plea to this Court and he took issue with the Government's assertion of

the facts. Moreover, he contends that his ability to focus on the charges as well as the consequences was severely compromised by news that his father had just suffered a stroke. Therefore, he felt pressured into take the plea because of the looming trial date.

Given the loss of confidence the Defendant had in his attorney, his confusion with respect to the consequences of his plea, and his inability to focus given his father's health, we respectfully request that the Defendant be allowed to withdraw his guilty plea on Count 4 and/or a hearing be granted herein.

By: *[signature]*
Deveraux L. Cannick
*Attorney for Defendant, Joseph Deacon*
Aiello & Cannick
69-06 Grand Avenue
Maspeth, New York  11378
(718) 426-0444
Bar No. DLC1509